UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HERMAN SMITH,                  Case No. 1:09-cv-526

       Plaintiff,                    Barrett, J.
                                  Wehrman, M.J.

vs.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB"). (*See* Administrative Transcript ("Tr.") (Tr. at 22-31) (ALJ's decision)).

I.

Plaintiff filed an application for DIB on September 27, 2003 alleging a disability onset date of August 2, 2001, due to pain in his low back, right arm, left leg and knee, as well as hypertension and arthritis. (Tr. 59-62, 85). His application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which Plaintiff was represented by counsel, was held on April 26, 2006. (Tr. 341-382). Janet Rogers testified as a vocational expert.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In May 2006, the ALJ issued an unfavorable decision, from which Plaintiff sought review. In September 2006, the Appeals Council vacated the decision and remanded the matter for further administrative proceedings.

A supplemental hearing, at which Plaintiff appeared, represented by counsel, was held in April 2007. (Tr. 383-407). In addition to testimony by the Plaintiff, the ALJ heard testimony from Dr. Janice Bending, a vocational expert. On May 22, 2007, the ALJ entered her decision denying Plaintiff's claim. The Appeals Council denied review on June 30, 2009; therefore, the ALJ's decision stands as Defendant's final determination. (Tr. 10-12.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through March 31, 2006.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date of disability.

3. The claimant's lumbar degenerative disc disease, degenerative joint disease of the left knee, degenerative disc disease of the cervical spine, obesity and bilateral carpal tunnel syndrome are considered "severe" based on the requirements in Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P Appendix 1.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of this decision.

2

6. The claimant has the residual functional capacity to perform a range of medium work activity with only frequent fine and gross manipulations, occasional posturals, and no climbing of ladders, ropes or scaffolds.

7. The claimant's past relevant work as a truck driver as generally performed did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).

8. The claimant's medically determinable lumbar degenerative disc disease, degenerative joint disease of the left knee, degenerative disc disease of the cervical spine, obesity and bilateral carpal tunnel syndrome do not prevent the claimant from performing his past relevant work as generally performed in the economy.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the expiration of his insured status on March 31, 2006 (20 CFR § 404.1520(f)).

(Tr. 30-31).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB.

On appeal, Plaintiff maintains that: (1) the ALJ failed to consider Plaintiff's SSI application; (2) the ALJ erred in failing to give controlling weight to the opinions of Plaintiff's treating physicians; (3) the ALJ committed various vocational errors; and (4) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is

3

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform his past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v.*

*Commissioner of Soc. Sec.*, No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*).

If the ALJ determines at Step 4 that the claimant can perform his past relevant work, the ALJ need not complete the sequential analysis. *See* 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform his past relevant work, the matter should be remanded for further consideration under Step 5. *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left his unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

A.

Plaintiff argues first that the ALJ erred in failing to consider his Supplemental Security Income ("SSI") application. Plaintiff filed an application for SSI in May 2003. However, although he applied for SSI benefits, in addition to DIB, he did not meet the criteria for income eligibility. Plaintiff, therefore, received a technical denial early in the administrative proceedings, before the issue even reached the ALJ. In a March 2004 letter denying Plaintiff's request for DIB, the Social Security Administration also informed him that: "The application you filed for SSI was also a claim for Social Security

5

benefits. We looked into whether you qualify for Social Security and found that you do not. If you disagree, you have the right to appeal." (Tr. 37). Thereafter, Plaintiff's counsel sent notice of his intent to appeal the "reconsideration denial on his DIB claim." (Tr. 33). Thus, Plaintiff did not appeal the denial of his SSI claim. Accordingly, he failed to exhaust his administrative remedies for that claim. 42 U.S.C.A. § 405(g); 20 C.F.R. § 416.1400(a)(5) (A claimant must exhaust his administrative remedies in a social security disability benefits case by pursuing his claim through the three-stage administrative review process, *i.e.*, (1) reconsideration, (2) a hearing by an ALJ, and (3) a review by the Appeals Council, before he or she may seek judicial review by a federal court).

Thus, the ALJ did not err in evaluating Plaintiff's SSI claim.

**B.**

For his next assignment of error, Plaintiff maintains that the ALJ erred in failing to give deference to the opinion of Dr. Singh, Plaintiff's treating physician. Plaintiff's assertion lacks merit.

In a July 25, 2006 letter, Dr. Singh submitted his opinion regarding Plaintiff's ability to engage in gainful activity. Dr. Singh reported that Plaintiff was unable to walk without the use of a cane due to chronic back pain. (Tr. 326). Dr. Singh further opined that he believed Plaintiff could work in a sedentary job, yet he did not believe he was capable of doing any labor job requiring him to walk or stand for extended periods of time. However, the ALJ gave Dr. Singh's opinion "little weight" because it was rendered

6

after the Plaintiff's insured status had expired and addressed an issue reserved to the Commissioner of Social Security pursuant to Social Security Ruling 96-5p.[2]

As an initial matter, Plaintiff's date last insured for eligibility for disability insurance benefits was March 2006. In order to be entitled to disability insurance benefits, Plaintiff must prove he was disabled on or before his date last insured. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) (in order to be entitled to disability insurance benefits, claimant was required to show he became disabled on or before date last insured). The ALJ considered that Dr. Singh's opinion was rendered following the relevant period, and gave it little weight.

Generally, courts have found that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir.1984); *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir.1988). Because a claimant must establish the onset of a disability prior to the expiration of his insured status, *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir.1984), post-expiration evidence "must relate to the claimant's condition prior to the expiration of his insured status...." *Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir.1984); *see King v. Secretary of Health & Human Serv.*, 896 F.2d 204, 205-06 (6th Cir.1990) (per curiam).

Here, however, Dr. Singh's letter does not state that his opinion relates to Plaintiff's condition prior to the expiration of his insured status, nor does it reference any supporting clinical or objective medical evidence. *See Warner v. Comm'r of Soc. Sec.*,

---

[2] Pursuant to SSR 96-5p, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician.

375 F.3d 387, 390 (6th Cir. 2004) ("Treating physicians' opinions are only given such deference when supported by objective medical evidence."). Dr. Singh's letter states *in toto*:

> This letter is in reference to Herman Smith. Due to Mr. Smith's chronic lower back pain, he is unable to walk without the aid of a cane. Furthermore, while I do feel he is able to work in a sedentary job, I do not feel he is capable of doing any laborer job requiring him to walk or stand for extended periods of time.

(Tr. 326).

Accordingly, because Dr. Singh's letter was submitted after the expiration of Plaintiff's insured status, does not reference the relevant period, and is not supported by any objective testing, the undersigned finds that the ALJ did not err in weighing the opinion of Dr. Singh.

## C.

Plaintiff argues next that the ALJ erred in failing to incorporate Plaintiff's use of narcotic medication and his need to use a cane into the hypothetical to the vocational expert.

At the second administrative hearing, vocational expert Dr. Janice Bending testified that a hypothetical individual possessing Plaintiff's residual functional capacity and vocational profile could perform Plaintiff's past work as a truck driver as it is generally performed, concurring with the opinion of the vocational expert who testified at the first hearing. (Tr. 405, citing 379-380). *See Garcia v. Secretary of Health & Human*

8

*Servs.*, 46 F.3d 552, 558 (6th Cir. 1995) ("It is generally reasonable (and consistent with the statute) to conclude that a person capable of performing work he performed before the impairment is not disabled as a matter of law and should be denied benefits."). Plaintiff argues, however, that his previous job as truck driver requires a commercial driver's license ("CDL"), and that his use of narcotics would prevent him from obtaining such a license. Thus, Plaintiff asserts that the ALJ erred in finding that he could perform his past relevant work.

A claimant must prove that he or she is unable to return to his or her past relevant work either as he or she performed that work or as that work is generally performed in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989); *See Also* SSR 82-61 (past work as actually or generally performed).

Here, the ALJ reasonably relied on the vocational expert's ("VE") testimony in finding Plaintiff could perform his past work as a truck driver as it is generally performed. Although the VE testified that an individual who was taking narcotic pain medication would not be able to obtain a CDL license in order to work as an over-the road-driver, the use of narcotic medication would not preclude such an individual from performing local light to medium delivery truck driver jobs that did not require a CDL. (Tr. 29). Furthermore, Plaintiff did not testify that he experienced any adverse side effects from those medications which would have hampered his ability to drive.

9

Plaintiff further claims that the ALJ failed to consider Plaintiff's use of a cane in formulating his hypothetical question to the vocational expert. However, the ALJ did not include this limitation in his RFC finding. The Sixth Circuit has repeatedly made clear that a hypothetical question need only reference plaintiff's *credible* limitations; unsubstantiated complaints are not to be included in the question. *See McKenzie v. Commissioner of Soc. Sec.*, No. 99-3400, 2000 WL 687680, at * 4 (6th Cir. May 19, 2000).

Here, with the exception of Dr. Singh, no other medical professional opined that Plaintiff is required to use a cane. Notably, in December 2003, Plaintiff was seen by Dr. Fritzhand for a consultative examination. Dr. Fritzhand noted that he walked with an extremely slow shuffling limping antalgic gate, using a cane. (Tr. 194). However, Dr. Fritzhand also noted that Plaintiff stated that "I told Social Security I wasn't going to see any damn doctors. I would like to put these doctors through as much pain as they put me in." (*Id.*) Thus, Plaintiff's demeanor prompted Dr. Fritzhand to truncate Plaintiff's physical examination, and he was unable to assess Plaintiff's functional limitations. (Tr. 195).

Conversely, when seen by Dr. Berg in June 2004 for a psychological evaluation, Plaintiff mentioned that he uses a cane at times, but did not bring it to Dr. Berg's office. (Tr. 213). Dr. Berg noted that Plaintiff walked very slowly when using steps, but did not appear to be in any significant physical pain or discomfort. (Tr. 216). Furthermore, Plaintiff told Dr. Berg that he was applying for Social Security benefits due to "carpal

10

tunnel syndrome in both hands." (Tr. 213).

In any event, in response to questioning by the ALJ and Plaintiff's counsel, the VE testified that the use of a cane would not prevent an individual from performing light to medium delivery truck driver jobs. (Tr. 405).

Thus, based on the foregoing, the ALJ's hypothetical question accurately portrayed the limitations supported by the evidence, and the VE's response provided substantial evidence to support the ALJ's finding that Plaintiff could perform his past relevant work as a truck driver.

### D.

For his final assignment of error, Plaintiff maintains that the ALJ erred in evaluating his pain, credibility, and subjective complaints. Plaintiff asserts, *inter alia*, that his complaints of disabling pain are supported by MRI and EMG studies, and x-rays of his left knee. Plaintiff further asserts that the ALJ failed to consider his use of narcotic medications, failed to consider his impairments in combination, and improperly relied on his daily activities in his credibility assessment.

When considering a claim for disability based on pain, the Court is guided by the Sixth Circuit's instruction that, initially, there must be objective evidence of an underlying medical condition. *Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or the objectively determined medical condition must be of a severity which can reasonably be

11

expected to give rise to the alleged disabling pain. *Id.*; *see also Felisky v. Bowen,* 35 F.3d 1027,1038-39 (6th Cir. 1994)

Moreover, it is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d at 1036; *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility").

Here, the ALJ found that despite Plaintiff's claims of disabling symptoms, there is "little in the way of positive signs and findings." (Tr. 28). The ALJ noted that X-ray and MRI testing shows mild to moderate degenerative changes in the lumbar spine and mild degenerative changes in the left knee. (*Id.*)

As outlined by the ALJ, a January 2002 x-ray revealed moderate L4-L5 spondylosis, mild mid to lower lumbar degenerative facet arthropathy, moderate multisegmental cervical spondylosis, and cervical hypolordosis. A February 2002 MRI revealed moderate acquired central canal stenosis at L3-4 and L4-5 due to facet arthrosis, mild neural foraminal narrowing at L3-4, mild to moderate discopathy at L2-3, and diffuse severe facet arthrosis. (Tr. 176-77). Thus, the ALJ properly concluded that there

12

were "no neurological sings or findings oftentimes associated with disabling pain." (Tr. 28).

Furthermore, as noted above, the ALJ properly considered Plaintiff's use of narcotic medication. The ALJ also properly considered that Plaintiff engaged in a variety of daily activities, and it was appropriate for him to consider this factor in making his credibility finding. *See Warner*, 375 F.3d at 392 ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain.").

Lastly, contrary to Plaintiff's assertions, the ALJ fully considered the combined effect of his impairments[3], as evidenced by his detailed questioning of the vocational expert relating to such impairments. *Bishop v. Shalala*, 64 F.3d 662 (Table), 1995 WL 490126, 3 (6th Cir. 1995) (Questions posed to the vocational expert establish that the ALJ considered Bishop's impairments in combination). Notably, at the initial and supplemental hearings, the ALJ's hypotheticals included limitations relating to Plaintiff's diminished grip strength due to carpal tunnel syndrome, his lifting and sitting restrictions due to low back pain, and his need to use a cane. (Tr. 374-381, 403-406).

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See*

---

[3] The Act requires the Commissioner to consider the combined effects of impairments that individually may be nonsevere, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability. *Reynolds v. Astrue*, Case No. 3:09-cv-95, 2010 WL 1253810, 9 ( S.D.Ohio January 27, 2010); citing *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir.1988).

13

*Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED**.

2. As no further matters remain pending for the Court's review, this case should be **CLOSED**.

Date: 8/24/10

/s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HERMAN SMITH,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09-cv-526

Barrett, J.
Wehrman, M.J.

**NOTICE**

    Attached hereto is the Report and Recommended Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).