

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Herman Smith,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case Action No.: 1:09-cv-526

Judge Michael R. Barrett

## ORDER

Before the Court is Magistrate Judge J. Gregory Wehrman's August 24, 2010, Report and Recommendation ("Report") (Doc. 12). In the Report, Magistrate Judge Wehrman recommends that the Commissioner's decision should be affirmed because it is supported by substantial evidence. (Doc. 12, 14.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed timely Objections (Doc. 13).

For the reasons stated below, the Court overrules Plaintiff's Objections and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

I. **Background**

The Report, supplemented by the ALJ's decision, accurately details the facts and procedural history of this case. (See Doc. 12, 1–3). They will not be repeated here. On

---

[1] A notice was attached to the Report regarding objections. (Doc. 12, 15.)

1

appeal, Plaintiff attributes the following errors to the Magistrate Judge and the ALJ: (1) the failure to consider Plaintiff's SSI application after March 31, 2006, the date last insured; (2) the relative weights given to Dr. Singh and to a reviewing doctor from January 2004; (3) the analysis of Plaintiff's use of a cane; and (4) the evaluation of Plaintiff's pain, credibility, and subjective complaints. (Doc. 13, pp. 3, 5, & 9.) The Report found Plaintiff's arguments to be unavailing. (*See* Doc. 12, 14.)

II. **Analysis**

A. **Standard of Review**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (*quoting Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (*citing Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The Social Security Act defines disability as the inability to do any substantial gainful activity because of any medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 20 C.F.R. § 404.1505(a). Disability claims are evaluated under a five-step sequential process. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on the claimant through the first four

steps; the burden shifts to the Social Security Administration in step five. *Preslar v. Sec'y Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). However, the claimant bears the ultimate burden of proving that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a).

Step one of the sequential process requires determining whether the claimant is engaging in substantial gainful activity. If not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe." If a severe impairment is found, step three asks whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's impairment is not of listing-level severity, then step four asks whether the claimant has the residual functional capacity ("RFC") to perform past relevant work. If the claimant shows that she cannot perform past relevant work because of impairments, the Social Security Administration, in step five, must then identify other jobs existing in significant numbers in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a)(4).

If at any point it is determined that the claimant is or is not disabled, the inquiry stops. *Id.* For example, if the ALJ determines at step four that the claimant can perform past relevant work, the ALJ need not complete the sequential analysis. *See id.* However, if the ALJ errs in finding that the claimant can perform past relevant work, the reviewing court should remand the matter for further consideration. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) ("If a court determines that substantial evidence does not support the Secretary's decision, the

court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.")

**B.     First Objection**

Plaintiff argues that the Magistrate Judge and the ALJ erred in not evaluating the impairments and RFC after March 31, 2006, with regard to his application for Social Security Income ("SSI") benefits. (Doc. 6, 3; Doc. 13, 4.) This argument is not well taken.

As the Report noted, the reason the ALJ did not consider Plaintiff's SSI application was because Plaintiff did not appeal the denial of his SSI claim. The Magistrate Judge explained as follows:

> Plaintiff filed an application for SSI in May 2003. However, although he applied for SSI benefits, in addition to DIB [Disability Income Benefits], he did not meet the criteria for income eligibility. Plaintiff, therefore, received a technical denial early in the administrative proceedings, before the issue even reached the ALJ. In a March 2004 letter denying Plaintiff's request for DIB, the Social Security Administration also informed him that: "The application you filed for SSI was also a claim for Social Security benefits. We looked into whether you qualify for Social Security and found that you do not. If you disagree, you have the right to appeal." (Tr. 37). Thereafter, Plaintiff's counsel sent notice of his intent to appeal the "reconsideration denial on his DIB claim." (Tr. 33). Thus, Plaintiff did not appeal the denial of his SSI claim. Accordingly, he failed to exhaust his administrative remedies for that claim.

(Doc. 12, 5–6.) In short, Plaintiff did not appeal the SSI claim. Plaintiff's counsel confirms this in a letter where he requests an appeal of the DIB claim. (Tr. 33.) Because Plaintiff did not appeal the SSI claim and therefore did not exhaust his administrative remedies for that claim, there can be no judicial review of that claim. 42

5

U.S.C. § 405(g); 20 C.F.R. § 416.1400(a)(5). Plaintiff cannot now argue that the Magistrate Judge and ALJ were wrong for not considering his SSI claim. That claim could not be considered because Plaintiff never appealed it.

Plaintiff attempts to bolster this argument by contending that the Defendant admitted that the ALJ denied Plaintiff's SSI claim. (Doc. 13, 4.) Paragraph two of Plaintiff's Complaint states the following:

> On September 27, 2003 the Plaintiff filed with the Social Security Administration an application for disability insurance benefits; and on May 29, 2003 he filed an application for Supplemental Security Income benefits. On May 22, 2007, after hearings held before her, Deborah Smith, Administrative Law Judge for the Social Security Administration, issued a decision denying *these claims* for benefits under the Act.

(Doc. 3 ¶ 2) (emphasis added.) Because Plaintiff used the term "these claims," this implies that the ALJ issued a decision denying the SSI claim along with the DIB claim. This is misleading drafting on Plaintiff's part. As noted above, the ALJ did not consider the SSI application because Plaintiff did not appeal the denial of that claim. In its Answer, Defendant admitted the above allegation in Plaintiff's Complaint. (Doc. 5 ¶ 2.) Plaintiff alleges that Defendant violated Rule 11 of the Federal Rules of Civil Procedure by admitting this allegation because Defendant did not research the claim or have a reasonable basis for it. (Doc. 13, 4.) Stated differently, Plaintiff made a misleading statement in his Complaint, and then accuses Defendant of violating Rule 11(b) for agreeing with that statement. Plaintiff takes this farther by arguing that because Defendant admitted this, the Court must accept it as binding against Defendant. (Doc. 13, 4.) Defendant's mistake in admitting to something misleading in Plaintiff's

6

Complaint cannot change the fact that Plaintiff did not appeal his SSI claim. Sophistry cannot erase this fact.[2]

Furthermore, Plaintiff's reference to the March 31, 2006, date, the date of last insured, is irrelevant. The ALJ did not consider the SSI application after the March 31, 2006, last insured date because, again, Plaintiff did not appeal the SSI claim. Plaintiff claims that this is "material" because of a July 2006 letter from Dr. Singh. Plaintiff argues that if the SSI application would have been considered past the March 31, 2006, date last insured, Dr. Singh's letter would not have been rejected. (Doc. 13, 5.) Without considering the merits of the contention that Dr. Singh's letter was improperly rejected (which is discussed below), this argument, again, ignores the fact that Plaintiff did not appeal the SSI claim. Plaintiff's serpentine arguments cannot overcome this fact. For these reasons, the Court overrules Plaintiff's objection that the ALJ and Magistrate Judge failed to consider the SSI application after March 31, 2006.

### C. Second Objection

Plaintiff next argues that the Magistrate Judge and the ALJ erred by giving the most weight for the RFC determination to a doctor who reviewed the file in January 2004. Plaintiff believes that Dr. Singh's July 2006 letter, which stated that Plaintiff can only perform sedentary work, should have been given more weight. (Doc. 13, 5–6.)

The Court first considers Plaintiff's argument about the doctor who did a "paper review of only (part of) the file in January 2004, before much of the material medical evidence was submitted." (Doc. 13, 8) (citations omitted.) As an initial matter, the doctor doing that review, Robert E. Morris M.D. (Tr. 204), was never specifically named

---

[2] Plaintiff is correct in noting that the Magistrate Judge did not deal with the specifics of this argument. (Doc. 13, 4.) The reason he did not deal with it is because it is irrelevant to the outcome. (Doc. 12, 6.)

7

by the ALJ—she only referred to him as a "state agency evaluator" (Doc. 29). Regardless, Plaintiff is incorrect where he states that the ALJ gave "the most weight" to this doctor. (Doc. 13, 8.) Rather, the ALJ stated, "[t]he opinion of the state agency evaluators deserves greater weight, as it is consistent with the record as a whole showing no significant positive signs and findings and a sporadic treatment history." (Tr. 29.) The ALJ then went on to discuss the opinions of Dr. Fritzhand, Dr. Berg, Dr. Singh, and vocational expert Janice L. Bending, Ph.D, evaluating all the evidence in turn. (Tr. 29–30.) The January 2004 evaluation Plaintiff complains of was only one factor among many leading the ALJ to her final determination of non-disability. (Tr. 30.) It was given "greater weight" because of Social Security Ruling 96-5p (discussed fully below) and 20 C.F.R. § 404.1527(e), which make an RFC determination a decision reserved to the Commissioner. Given that it was an RFC determination done by a state agency evaluator, the January 2004 evaluation necessarily deserved greater weight than RFC determinations by treating physicians. As 20 C.F.R. § 404.1527(e) states, "[T]he final responsibility for deciding [the issue of residual functional capacity] is reserved to the Commissioner." *Id.* at § 404.1527(e)(2).

Related to this, Plaintiff argues that Dr. Singh's letter should have been given more weight. (Doc. 13, 5–6.) The ALJ is not bound by a treating physician's conclusory statement that the claimant is "disabled." *Miller v. Sec'y of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988) ("The determination of disability is the prerogative of the Secretary and a physician's opinion is not conclusive of the ultimate fact of disability.") However, the ALJ must give the opinion of a treating source controlling weight if the opinion is, "'well-supported by medically acceptable clinical and laboratory diagnostic

8

techniques'" and "'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (*quoting* 20 C.F.R. § 404.1527(d)(2)). On a claim for social security disability benefits, medical opinions and diagnoses of treating physicians must be given "substantial deference— and, if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984) (*citing Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983)). If the ALJ decides to discount the treating physician's medical opinion, the ALJ must provide, "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (*citing* Soc. Sec. Rul. 96-2p).

As the Magistrate Judge explained (Doc. 12, 7; Tr. 23), Plaintiff's date last insured for eligibility of disability insurance benefits was March 31, 2006. To be entitled to disability insurance benefits, Plaintiff must prove disability on or before that date. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) ("In order to establish entitlement to disability insurance benefits, an individual must establish that he became 'disabled' prior to the expiration of his insured status."). Any post-expiration evidence "must relate to the claimant's condition prior to the expiration of his insured status . . . ." *Parsons v. Heckler*, 739 F.2d 1334, 1340 (8th Cir. 1984); *see also King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205–06 (6th Cir. 1990) (per curiam).

Dr. Singh's three-sentence letter did not specifically relate to Plaintiff's condition prior to the expiration of his insured status, and it did not refer to any supporting

9

objective medical evidence. (Doc. 12, 7.) As the ALJ stated, Dr. Singh's letter was given little weight, "because it was rendered after the claimant insured status had expired and addressed an issue reserved to the Commission of Social Security pursuant to Social Security Ruling 96-5p." (Tr. 29.) Social Security Ruling 96-5p clarifies that the issues of "[w]hether an individual is 'disabled,'" "[w]hat an individual's RFC is," and "[w]hether an individual's RFC prevents him or her from doing past relevant work" are not "medical issues." Rather, they are "administrative findings." "The regulations provide that the final responsibility for deciding issues such as these is reserved to the Commissioner." Soc. Sec. Rul. 96-5p. As discussed above, this is why the state agency evaluator's opinion deserved "greater weight." In relation to Dr. Singh, this means that Dr. Singh's opinion that Plaintiff was only able to work in a sedentary job is not entitled to the same deference a medical opinion would be. The fact that the letter was submitted after the expiration of Plaintiff's insured status and that it did not reference the relevant period are additional good reasons for why the ALJ did not err in the weight she gave to Dr. Singh's opinion. Plaintiff's protests that these are not "good reasons" under 20 C.F.R. § 404.1527(d) is unavailing. (Doc. 13, 7–8.) As is required, see Wilson, 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p), the ALJ provided specific reasons supported by the evidence, and clearly articulated the weight given to Dr. Singh's opinion and the reasons for that weight. In summary, Dr. Singh's letter deserved little weight because it expressed an opinion on an issue reserved to the Commissioner, it did not specifically relate to the period in question, and because the conclusory opinion was not backed by objective medical evidence.

Plaintiff further argues that the Magistrate Judge and ALJ erred because of Dr. Singh's opinion that Plaintiff was unable to walk without the use of a cane. This supposedly relates to Plaintiff's condition prior to the expiration of his insured status, and it refers to supporting objective medical evidence. Therefore, Plaintiff argues, the Magistrate Judge erred by concluding otherwise. (Doc. 13, 6.) These arguments about Plaintiff's use of a cane are inextricably tied with Plaintiff's third objection. Therefore, the Court will consider them together with that analysis.

### D. Third Objection

Plaintiff next argues that the Magistrate Judge erred in his analysis of Plaintiff's use of a cane. (Doc. 13, 9.) Plaintiff argues extensively that "the use of the cane before March 20, 2006, is supported by . . . objective medical findings," and that the Magistrate Judge and the ALJ both erred in finding otherwise. (Doc. 13, 6.) He states that contrary to what the ALJ found, Plaintiff "cannot climb into a truck if using a cane and cannot work as a truck driver if using a cane. He would also have trouble lifting and carrying the 25-50 pounds required to perform medium work if holding onto a cane . . . ." (Doc. 13, 9.)

However, as the Magistrate Judge clearly explained, "with the exception of Dr. Singh, no other medical professional opined that Plaintiff is required to use a cane." (Doc. 12, 10.) And Dr. Singh's opinion came after the March 31, 2006, last insured date. Furthermore, the vocational expert, Dr. Bending, testified that Plaintiff could still perform light to medium delivery-truck-driver jobs if he chose to use a cane. (Tr. 29, 405.) As the ALJ's decision stated, "even with the additional[ ] limitations of the use of a cane and narcotic pain medications an individual with the claimant's vocational profile

11

and residual functional capacity would not be precluded from light to medium delivery truck driver jobs." (Tr. 29.) Plaintiff's arguments to the contrary are meritless. Thus, for the above reasons, the Court overrules Plaintiff's second and third objections (that the Magistrate Judge and the ALJ erred by giving the most weight for the RFC determination to a doctor who reviewed the file in January 2004, and that the Magistrate Judge erred in his analysis of Plaintiff's use of a cane).

### E.     Fourth Objection

Plaintiff's last objection argues that the Magistrate Judge erred in evaluating questions of Plaintiff's pain, credibility, and subjective complaints. (Doc. 13, 9.) The Court considers Plaintiff's specific arguments in turn.

First, Plaintiff claims that the Magistrate Judge erred in his characterization of certain x-ray and MRI tests. (Doc. 13, 10.) Despite Plaintiff's conclusory assertions to the contrary, the Magistrate Judge precisely and accurately stated the results of these tests. (Doc. 12, 12; Tr. 24, 25.) Plaintiff also faults the Magistrate Judge for having "no citation" for a conclusion that there were "no neurological signs or findings oftentimes associated with disabling pain." (Doc. 12, 13.) This is obviously false as the Report cites to the exact spot in the record where this quote occurs. (Doc. 12, 13; Tr. 28.) These arguments merit no further discussion.

Plaintiff next makes claims about disability based on pain. When considering a claim of disability based on pain, the Sixth Circuit has instructed that there must initially be objective evidence of an underlying medical condition. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Where such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain, or the

12

objectively determined medical condition must be of a severity that can reasonably be expected to give rise to the alleged disabling pain. *Id.*; *see also Felisky*, 35 F.3d at 1038–39. However, because pain tolerance levels differ, "a determination of disability based on pain depends largely on the credibility of the plaintiff." *Swiney v. Comm'r of Soc. Sec.*, No. 09-13055, slip op. at 5 (E.D. Mich. July 28, 2010) (available at 2010 WL 3342291) (*citing Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Determinations of credibility are within the discretion of the ALJ. *Felisky*, 35 F.3d at 1036 ("It is for the Secretary, not a reviewing court, to make credibility findings."). As is required, *Felisky*, 35 F.3d at 1036, the ALJ rejected Plaintiff's subjective complaints and allegations as incredible and clearly stated her reasons for doing so (Tr. 28). There is no need for the Court to recap them here.

Plaintiff argues that under 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p, disabling pain can come from physical or mental impairment and not just from neurological findings. (Doc. 13, 10.) Here, Plaintiff is implying that just because the ALJ found no neurological signs of disabling pain, that does not mean Plaintiff did not in fact have disabling pain. Plaintiff makes a correct statement of law here, 20 C.F.R. § 404.1529(d), but nowhere in her decision did the ALJ find that Plaintiff had sufficient pain from physical or mental impairment. (*See* Tr. 22–31) Rather, the ALJ found that "[t]he record suggests symptom magnification and non-compliance." (Tr. 28.) Furthermore, despite Plaintiff's claim that he has shown objective orthopedic abnormalities that he cannot do more than sedentary work (Doc. 13, 10), the record does not reflect this. Instead, as the ALJ concluded, the record reflects that "the claimant can perform a range of medium work . . . ." (Tr. 29.)

Plaintiff next argues that the Magistrate Judge and ALJ erred by failing to note Plaintiffs use of prescribed narcotics and the resulting affect on his ability to work as a truck driver. (Doc. 13, 10.) The record flatly contradicts this assertion. The Magistrate Judge stated, "the ALJ properly considered Plaintiff's use of narcotic medication." (Doc. 12, 13.) And as quoted above, the ALJ stated, "even with the additional[ ] limitations of the use of a cane and narcotic pain medications an individual with the claimant's vocational profile and residual functional capacity would not be precluded from light to medium delivery truck driver jobs." (Tr. 29.) Plaintiff is plainly incorrect where he asserts that the ALJ "failed to note the use of the prescribed narcotic medications" when considering how that would affect his ability to drive a truck. (Doc. 13, 10.)

Plaintiff's final conclusory statement that his subjective testimony was credible to limit Plaintiff to sedentary work is equally dubious. The ALJ made no such finding. Rather, the ALJ found, "[t]he claimant's inconsistent statements and allegations regarding the degree of functional impairment and the range of his activities diminish the credibility of his claim of disability . . . ." (Tr. 28.) For the above reasons, this Court overrules Plaintiff's final objection that the Magistrate Judge erred in evaluating questions of Plaintiff's pain, credibility, and subjective complaints.

### III. Conclusion

Based on the foregoing, the Court finds that the decision of the Commissioner is supported by substantial evidence. The Report (Doc. 12) is hereby ADOPTED. The Commissioner's decision is AFFIRMED, and this matter is hereby CLOSED.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
United States District Judge